IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM BRANDAL,

    **Plaintiff,**

    v.

COLUMBUS CITY SCHOOL
DISTRICT, et al.,

    **Defendants.**

Case No. 2:09-cv-680

**JUDGE SARGUS**

**MAGISTRATE JUDGE DEAVERS**

### OPINION AND ORDER

This matter is before the Court for consideration of Defendants Columbus Education

Association, Tracey Johnson, and Sarah Schmidt's Motions for Judgment on the Pleadings.

(Docs. 28, 35.) For the reasons that follow, the motions are **GRANTED**.

**I.    Background**

Plaintiff William Brandal ("Brandal") brings this action claiming various causes of action

arising out of his employment with the Columbus City School District ("the District"). Brandal

taught at the Franklin County Juvenile Detention Center for twenty-three years of his thirty-six

year tenure with the District. (Am. Compl. ¶¶ 15, 16.) Brandal alleges that on November 30,

2007, Debora Wilson, his supervisor, reprimanded him for covering his classroom door window.

(Am. Compl. ¶¶ 18–24.) Brandal also claims that the District gave him a warning describing

him as insubordinate after he removed a disruptive student from his classroom. (Am. Compl.

¶ 25.) Brandal contends that both the Columbus Education Association ("the Union") and

Tracey Johnson, a Union representative tried to persuade him to retire. (Am. Compl. ¶ 29.) After

a disciplinary hearing, Brandal received a letter dated May 26, 2008, which reassigned him to

work in Brookhaven High School for the following year. (Am. Compl. ¶ 31.) Additionally, he

received a written reprimand, explaining that he had exercised poor judgment and must enter a Peer Assistance Review Program. (Am. Compl. ¶¶ 36, 37.)

Brandal brought this action against: the District; V. Dewayne Howard, Director of Labor Relations for the District; Wilson; Sarah Schmidt, an employee of the Franklin County Juvenile Detention Center; the Columbus Education Association ("the Union"); and Johnson. Brandal brings claims pursuant to the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1983, alleging Defendants violated his rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses. (Am. Compl. ¶¶ 39–61.) Brandal also brings an action for retaliation under Title VII of the Civil Rights Act of 1964. In addition to his federal claims, Brandal alleges state law claims for: (1) a violation of the Ohio Civil Rights Act, O.R.C. § 4112; (2) hostile work environment; (3) a violation of public policy; (4) civil conspiracy; (5) defamation; and (6) malicious purpose, bad faith or reckless behavior. (Am. Compl. ¶¶ 72–92.)

The Union, Johnson and Schmidt now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal rules of Civil Procedure.

## II.     Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard courts apply for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc., v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A court will grant this motion if it finds that the moving party is entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III.    Discussion

### A. Count I—ADEA

Brandal alleges that Defendants violated the ADEA, 29 U.S.C. §§ 621–634.  However, under the ADEA: "No civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.SC. § 626(d)(1).  Therefore, a plaintiff must pursue administrative remedies before bringing a civil action pursuant to the ADEA. *Vinson v. Ford Motor Co.,* 806 F.2d 686, 688 (6th Cir. 1986).  If a party fails to comply with this requirement, the district court does not have jurisdiction over the ADEA claim. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Here, Brandal filed an EEOC complaint against the District.  The Union, Johnson and Schmidt claim they are entitled to a judgment on the pleadings because Brandal failed to name them in the EEOC complaint.  An unnamed party in a prior EEOC complaint may be properly sued if such defendant has a "clear identity of interest" with the party named in the original EEOC complaint. *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1481 (6th Cir. 1990); *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987); *Jones v. Truck Drivers Local Union No. 299,* 748 F.2d 1083, 1086 (6th Cir. 1984).  Although courts predominately apply the "clear identity of interest" test to Title VII claims, the test is equally applicable to the ADEA. *Clouser v. Copperweld Steel Co.*, No. C85-1473-Y, 1985 WL 329, at *1 (N.D. Ohio Sept. 17, 1985)

3

("[T]he *Jones* guidelines should be applied since the intent of Congress in both acts was to provide a prospective defendant with notice of unlawful discrimination charges being brought against him.").

The Sixth Circuit explains that in order to have a "clear identity of interest," parties must be "virtual alter egos." *Knafel*, 899 F.2d at 1481. In the employment context, employers and labor unions are not alter egos; they are antagonistic parties. *Swisshelm v. Potter*, No. 1:05-CV-553, 2007 WL 433300, at *3 (S.D. Ohio Feb. 5, 2007); *Smith v. Mich. Corr. Org. Serv. Emp. Union Local 526M*, No. 98-CV-71417-DT, 1999 U.S. Dist. LEXIS 4569, at *1–*2 (E.D. Mich. Mar. 23, 1999); *Chatton v. Auto Rail Servs. Lap, Inc.*, No. 3:98-CV-703-S, 2001 U.S. Dist. LEXIS 21379 (W.D. Ky. Dec. 21, 2001). Brandal failed to file an EEOC complaint against the Union, Johnson, and Schmidt. These defendants cannot be considered alter egos of the District, thereby depriving this Court of jurisdiction to hear Brandal's ADEA claim as to those Defendants.

Additionally, Schmidt asserts that the ADEA claim against her should be dismissed because the ADEA does not permit actions against employees or supervisors in their individual capacity. *See Wakefield v. Children's Hosp.*, No. C2-06-1034, 2008 WL 3833798, at *1 (S.D. Ohio Aug. 13, 2008). *See also Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). The ADEA's employer requirement bars Brandal's cause of action against Schmidt. First, Schmidt has no relation to Brandal's employer because she is an employee of Franklin County; the District employed Brandal. Second, even if Schmidt were an employee for the school district, Brandal would not have a claim under ADEA because Schmidt still could not be considered his "employer," nor has Brandal alleged that she was an agent of the District.

Schmidt also claims that the complaint provides insufficient facts to assert any cause of

4

action against her. Schmidt is correct. The complaint only mentions her three times. (*See* Am. Compl. ¶¶ 8, 49, 51.) These minimal factual assertions, coupled with "threadbare recitals of the elements of a cause of action," *Iqbal*, 129 S. Ct. at 1949, fail to allege plausible causes of action against Schmidt under the ADEA, or any other claim discussed *infra*.

The Union, Johnson, and Schmidt do not have a "clear identity of interest" with the school district. In addition, Brandal may not bring an ADEA claim against Schmidt as an individual. Therefore, the Union, Johnson, and Schmidt's motions are granted as to the claims pursuant to the ADEA.

## B. Count II—Equal Protection Clause

Brandal brings an action pursuant to 42 U.S.C. § 1983 alleging that the Union, Johnson, and Schmidt violated the Equal Protection Clause by discriminating against Brandal on account of his age. (Am. Compl. ¶¶ 52–56.) The Supreme Court has held that age is not a suspect classification under the Equal Protection Clause. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000) ("Older persons . . . have not been subjected to a history of purposeful unequal treatment." (internal quotation omitted)). Several circuit courts have held that the ADEA preempts claims brought under § 1983 on account of age discrimination. *See Lafleur v. Tex. Dep't of Health,* 126 F.3d 758, 760 (5th Cir. 1997) (per curiam); *Zombro v. Balt. City Police Dep't,* 868 F.2d 1364, 1369 (4th Cir. 1989); *Migneault v. Peck,* 204 F.3d 1003, 1005 n.1 (10th Cir. 2000). In fact, no circuit court that has considered the issue has allowed a § 1983 claim alleging age discrimination to proceed. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1056 (9th Cir. 2009). The Sixth Circuit has not decided whether a plaintiff may bring a claim alleging age discrimination under § 1983. *See Carroll v. Knox Cnty. Bd. of Educ.*, Nos. 3:07-CV-345, 3:08-CV-73, 2010 WL 2507046, at *24 (E.D. Tenn. June 17, 2010). The Sixth Circuit

5

has held that the ADEA is the exclusive remedy for federal employees, barring actions pursuant to § 1981. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006).

Even if the ADEA does not preempt a § 1983 action alleging age discrimination, Brandal fails to sufficiently allege a prima facie case for a § 1983 violation. Under § 1983, a party must plead the same elements required for a disparate treatment claim under Title VII: (1) membership in a protected class; (2) an adverse employment action; (3) that the aggrieved party has the necessary job qualifications; and (4) that the employer treated the party differently from similarly situated, non-protected employees. *See Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir. 1988); *Walker v. Ohio Dep't of Rehabilitation and Corr.*, 241 Fed. Appx. 261, 265–66 (6th Cir. 2007); *Carroll*, 2010 WL 2507046, at *24.

This Court finds that Brandal fails to sufficiently allege a prima facie case for a § 1983 violation against the Union, Johnson, and Schmidt, because he fails to allege an adverse employment action. An adverse employment action is a "materially adverse change in the terms or conditions of employment." *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999) (internal quotations omitted). The Sixth Circuit has held that "'reassignments without salary or work hour changes do not *ordinarily* constitute adverse employment decisions in employment discrimination claims.'" *Keeton v. Flying J, Inc.,* 429 F.3d 259, 264 (6th Cir. 2005) (quoting *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)) (emphasis in original). An employment reassignment can amount to an adverse employment action if it is "objectively intolerable to a reasonable person." *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 539 (6th Cir. 2002) (citing *Kocsis*, 97 F.3d at 886 ). Brandal's reassignment to Brookhaven High School is not an adverse employment action as Brandal has failed to allege that it was objectively intolerable.

6

Brandal also alleges that his placement in a Peer Assistance Review Program rises to the level of an adverse employment action. Placement in a peer review program does not constitute an adverse employment action. *Agnew v. BASF Corp.*, 286 F.3d 307, 319 (6th Cir. 2002) ("criticism in performance reviews and institution of performance improvement plans, alone do not constitute objectively intolerable conditions"). Brandal alleges that the review amounts to an adverse employment action due to potential future loss of benefits. However, mere "[s]uggestions that an employee's pay could be reduced in the future are not adverse actions." *Powell v. Anthem Prescription Mgmt., Inc.*, No. 1:04-CV-00468, 2005 WL 1652706, at *5 (S.D. Ohio June 16, 2005) (citing *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 183 (6th Cir. 2004)).

Further, a litigant may only bring an action pursuant to § 1983 if the defendant acted under color of state law. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Private parties can be considered state actors for purposes of attaching § 1983 liability if their actions "so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). Here, Brandal fails to allege that the Union, Johnson, or Schmidt acted under state law or that their actions so closely resemble state action that they acted under state law. In the absence of allegations concerning state action, Brandal fails to state a plausible cause of action under § 1983.

Brandal has not raised sufficient factual allegations of an adverse employment action or state action. Therefore, the Union, Johnson, and Schmidt's motions are granted as to the § 1983 claim under the Equal Protection Clause.

## C. Count III—Due Process Clause

Brandal brings an action pursuant to 42 U.S.C. § 1983 alleging that Defendants deprived him of a constitutionally protected property right without due process. In order to establish a

7

property right to employment or a term of employment, one must have "more than a unilateral expectation;" a party must have a "legitimate claim of entitlement." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). An employment reassignment does not deprive one of a constitutionally protected property right, unless a specific contract or statute ensures that right. *Hopkins v. Canton City Bd. of Educ.*, No. 5:08-CV-2288, 2010 WL 2572830, at *5 (N.D. Ohio June 23, 2010) (citing *Anglemeyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 539 (10th Cir. 1995) ("no protected property interest is implicated when an employer reassigns or transfers an employee absent a specific statutory or contract provision")). For the reassignment of educators, the applicable state statute or contract must provide protection from reassignment. *See Garvie v. Jackson*, 845 F.2d 647, 651–52, (6th Cir. 1988) (concluding that under the University of Tennessee's handbook, there was no property right to tenure).

Brandal fails to allege any specific statutory or contractual provision which creates a property interest in a specific employment assignment. Instead, Brandal concedes that there is no absolute right to teach social studies at Franklin County Juvenile Detention Center (Doc. 31 at 6), but claims that seniority helps teachers receive desired placement. This desire fails to amount to a constitutionally protected property interest; it amounts to a mere "unilateral expectation." *Roth*, 408 U.S. at 577; *Anglemyer*, 58 F.3d at 539.. Additionally, Brandal fails to allege the requisite state action for a § 1983 claim on behalf of Johnson, Schmidt or the Union. Therefore, the Union, Johnson, and Schmidt's motions are granted as to the property right claim under the Due Process Clause.

Brandal also claims that the Union, Johnson, and Schmidt violated his liberty right. The Fourteenth Amendment's Due Process Clause ensures that a state may not deprive an employee of a liberty interest without due process. *See Roth*, 408 U.S. at 573. In the employment context,

8

however, stigmatizing statements deprive one of a protected liberty interest only if the statements relate to the employee's termination. *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997); *Chillingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989).

Brandal was not terminated in conjunction with any allegedly stigmatizing remarks. Therefore, he fails to allege a cognizable claim for a constitutionally protected liberty interest. Additionally, Brandal failed to allege the requisite state action for a § 1983 claim on behalf of Johnson, Schmidt or the Union. Therefore, the Union, Johnson, and Schmidt's motions are granted as to the liberty right claim under the Due Process Clause.

**D. Count IV—Retaliation under Title VII of the Civil Rights Act of 1964**

Under 42 U.S.C. § 2000e-3(a), it is unlawful for a labor organization to discriminate against an individual for filing a charge of discrimination with the EEOC. However, Brandal filed an EEOC charge against the District, not against the Union, Johnson, or Schmidt. Therefore, the Title VII claim is barred because he failed to exhaust administrative remedies, and there is no "clear identity of interest" between the school district and the Defendants. *Knafel*, 899 F.2d at 1481; *Romain*, 836 F.2d at 245; *Jones*, 748 F.2d at 1086.

In Addition, as stated in Part III.A *supra*, claims under Title VII cannot be brought against Schmidt because she is not Brandal's employer. Therefore, the Union, Johnson, and Schmidt's motions are granted as to Brandal's Title VII retaliation claim.

**E. State Law Claims**

**1. Ohio Revised Code § 4112**

Brandal also brings a claim under O.R.C. § 4112.02 which states in part that it is an unlawful discriminatory practice for a labor organization to "[d]iscriminate against, limit the employment opportunities of, or otherwise adversely affect the employment status . . . because of

9

race, color, religion, sex, military status, national origin, disability, age, or ancestry." O.R.C.
§4112.02. The Union, Johnson, and Schmidt's motions for judgment on the pleadings are
granted for Brandal's claims pursuant to O.R.C. §4112.02. Brandal's complaint fails to allege
facts against the Union, Johnson, and Schmidt that create a plausible claim for relief under
§ 4112.02. (Am. Compl. ¶¶ 72–74.) Due to the similarity between the Ohio Civil Rights Act and
Title VII, the Sixth Circuit applies Title VII precedent to interpret O.R.C. § 4112. *Hawkins v.
Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). Whether alleging discrimination under
the Ohio Revised Code or under Title VII, under the *McConnell Douglas* framework, a plaintiff
must display an adverse employment action to satisfy a claim for relief. *Steadman v. Sterilite
Corp.*, No. 2009-CA-00280, 2010 WL 2838357, at * 6 (Ohio App. July 19, 2010). Brandal's
allegations of reassignment and a peer assistance review program fail to allege an adverse
employment action. *See Kocsis*, 97 F.3d at 886; *Mitchell*, 389 F.3d at 183. Furthermore, in
Brandal's memorandum in response to the Union and Johnson's motion, he concedes that the
Union and Johnson are entitled to a judgment on this claim. (Doc. 31 at 7.)

### 2. Hostile Work Environment

Under Title VII, a hostile work environment claim must allege that a workplace
"permeate[s] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or
pervasive to alter the conditions of the victim's employment and create an abusive working
environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and
quotations omitted); *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000)
("Isolated incidents, . . . unless extremely serious, will not amount to discriminatory changes in
the terms or conditions of employment.").

Brandal fails to articulate whether the hostile work environment claim is pursuant to the

10

Ohio Civil Rights Act or Title VII. However, the statutes apply the same standard and precedent for a hostile work environment. *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 740 (N.D. Ohio 2008) (citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981)). If the claim is pursuant Title VII, the claim is categorically barred against the Union, Johnson and Schmidt, because Brandal failed to exhaust administrative remedies by filing an EEOC claim against them. *Vinson*, 806 F.2d at 688.

Under Title VII, the Sixth Circuit has not addressed whether a labor organization may be liable for a hostile work environment. *Brent v. Am. Fed. of State, Cnty. and Mun. Emps. Local 207*, No. 05-71186, 2007 WL 107770, at \*2 n.2 (E.D. Mich. Jan. 9, 2007). Some courts have held that labor organizations cannot be liable for hostile work environments because the cause of action for a hostile work environment originates from 42 U.S.C. § 2000e-2(a)(1), which only applies to employers. *See, e.g., Hout*, 550 F. Supp. 2d at 742; *see also Kasper v. City of Middletown*, 352 F. Supp. 2d 216, 233 (D. Conn. 2005). However, the Eighth Circuit has held that a union may be liable for a hostile work environment. *Dowd v. United Steelworkers of Am., Local No. 286*, 253 F.3d 1093, 1102 (8th Cir. 2001).

This court need not decide whether a labor union may be liable for a hostile work environment action because Brandal failed to exhaust administrative remedies under Title VII. And even if the Sixth Circuit applied the rule from the Eighth Circuit that imposes liability on labor unions, Brandal fails to allege facts of a sufficiently pervasive and discriminatory environment to support an action for a hostile work environment. Brandal fails to meet the threshold for a hostile work environment claim against the Union and Johnson. Additionally, Brandal concedes that there are no allegations that Schmidt created a hostile work environment. (Doc. 38 at 9.) For these reasons, the Union, Johnson, and Schmidt's motions are granted as to

11

Brandal's claims of a hostile work environment.

### 3. Ohio Public Policy

Brandal alleges that Defendants violated Ohio public policy through retaliation and discrimination. Brandal fails to allege a cognizable cause of action because Ohio does not recognize public policy claims when there are already adequate statutory remedies available. *See Leninger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 42–43 (Ohio 2007). There is no public policy cause of action for discrimination or retaliation because O.R.C. § 4112 and similar federal statutes already provide adequate remedies. *Carter v. Del. Cnty. Bd. of Comm'rs*, No. 2:07-CV-1189, 2009 WL 544907, at *13 (S.D. Ohio Mar. 3, 2009) (citing *Carrasco v. NOAMTC Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004) (affirming dismissal of plaintiff's retaliation claim in violation of public policy because both Title VII and § 4112 provide adequate remedies).

In Brandal's present action, O.R.C. §4112 and the ADEA provide appropriate remedies to address allegations of age discrimination and retaliation. Therefore, there is no public policy action available for Brandal. The Union, Johnson, and Schmidt's motions are granted as to claims pursuant to public policy violations.

### 4. Civil Conspiracy

Civil Conspiracy is a tort whereby two or more individuals injure another in a manner "not competent for one alone." *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). In order for a civil conspiracy claim to have merit, there must be an underlying unlawful act. *Id.* (citing *Gosden v. Louis*, 687 N.E.2d 481, 497 (Ohio App. 1996) ("an otherwise lawful act is not made unlawful merely because two or more persons have joined together to commit it").

Brandal fails to allege the requisite underlying unlawful act for civil conspiracy. Brandal has only made the bare legal assertion that Defendants collectively violated his civil rights. This

12

allegation is insufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949. The Union, Johnson, and Schmidt's motions are granted as to claims under civil conspiracy.

### 5. Defamation

To plead a cause of action under defamation, a plaintiff must allege: (1) the defendants made a false statement; (2) the statement was defamatory by reflecting unfavorably on the plaintiff; (3) the statement was published; (4) the publication was a proximate cause of plaintiff's injury; and (5) the defendant acted with the necessary degree of fault. *Fuchs v. Scripps Howard Broad. Co.*, 868 N.E.2d 1024, 1034 (Ohio App. 2006); *Voyticky v. Villiage of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005) (applying Ohio law). A plaintiff must bring a defamation action within one year after the cause of action accrued. OHIO REV. CODE § 2305.11(A).

Construing the allegations in a manner most favorable to Brandal, the latest date in which there was a potentially defamatory remark was June 3, 2008 (Am. Compl. ¶¶ 33–36.) Brandal filed his initial complaint on August 4, 2009, and only named the Union, Johnson, and Schmidt on November 30, 2009 in his amended complaint. Brandal's claim is barred by the statute of limitations pursuant to § 2305.11 of the Ohio Revised Code. Therefore, the Union, Johnson, and Schmidt's' motions are granted as to the defamation claim.

### 6. Malicious Purpose, Bad Faith, Wanton and Reckless Behavior

In Count 10 of the complaint, Brandal alleges that Defendants' conduct was malicious and reckless. (Am. Compl. ¶¶ 91–92.) This broad statement fails to state an independent cause of action. Accordingly, the Union, Johnson, and Schmidt's motions are granted as to Count 10.

## IV. Declaratory Judgment

Brandal alleges that he is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 because Defendants allegedly violated the ADEA. The Declaratory Judgment Act "enlarged the

remedies available in federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  Therefore, in order to be entitled to declaratory judgment, a litigant must have an independent cause of action, and jurisdiction under another federal statute.  *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007).

    Brandal is barred from bringing an ADEA claim against the Union, Johnson, and Schmidt because he did not exhaust the available administrative remedies.  *Davis*, 157 F.3d at 463.  Absent a cognizable claim under the ADEA, Brandal may not invoke the Declaratory Judgment Act as an independent basis for relief.  Therefore, the Union, Johnson, and Schmidt's motions are granted as to Brandal's claim for a declaratory judgment.

## V.    Conclusion

    For the reasons discussed above, the Court hereby **GRANTS** Columbus Education Association, Tracey Johnson and Sarah Schmidt's Motions for Judgment on the Pleadings. (Doc. 28, 35.)  All claims against those Defendants are accordingly dismissed.

    **IT IS SO ORDERED**

---
12-1-2010

**DATED**

---
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

14