IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM BRANDAL,

    Plaintiff,

v.

COLUMBUS CITY SCHOOL
DISTRICT, et al.,

    Defendants.

Case No. 2:09-cv-680
JUDGE SARGUS
MAGISTRATE JUDGE DEAVERS

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Columbus City School District, DeWayne Howard, and Deborah Wilson's Motions for Judgment on the Pleadings. (Doc. 50.) For the reasons that follow, the motion is **GRANTED**.

### I. Background

#### A. Factual Allegations

Plaintiff William Brandal ("Brandal") brings the instant suit with various causes of action arising out of his employment with the Columbus City School District ("the District"). Brandal taught at the Franklin County Juvenile Detention Center for twenty-three years of his thirty-six year tenure with the District. (Am. Compl. ¶¶ 15, 16.) Brandal alleges that on November 30, 2007, Debora Wilson, his supervisor, reprimanded him for covering his classroom door window. (Am. Compl. ¶¶ 18–24.) Brandal also claims that the District reprimanded him with a warning for insubordination after he removed a disruptive student from his classroom. (Am. Compl. ¶ 25.) Brandal contends that the Columbus Education Association ("the Union") and Tracey Johnson, a Union representative, tried to persuade him to retire. (Am. Compl. ¶ 29.) After a disciplinary hearing, Brandal received a letter dated May 26, 2008, which reassigned him to

work in Brookhaven High School for the following year. (Am. Compl. ¶ 31.) Additionally, he received a written reprimand, explaining that he had exercised poor judgment and must enter a Peer Assistance Review Program. (Am. Compl. ¶¶ 36, 37.)

Brandal brought this action against: the District; V. Dewayne Howard, Director of Labor Relations for the District; Wilson; Sarah Schmidt, an employee of the Franklin County Juvenile Detention Center; the Union; and Johnson. Brandal brings claims pursuant to the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1983, alleging Defendants violated his rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses. (Am. Compl. ¶¶ 39–61.) Brandal also brings a claim for retaliation under Title VII of the Civil Rights Act of 1964. In addition to his federal claims, Brandal alleges state law claims for: (1) a violation of the Ohio Civil Rights Act, O.R.C. § 4112; (2) hostile work environment; (3) a violation of public policy; (4) civil conspiracy; (5) defamation; and (6) malicious purpose, bad faith or reckless behavior. (Am. Compl. ¶¶ 72–92.)

### B. The Court's Opinion and Order of December 1, 2010

By Opinion and Order dated December 1, 2010, the Court granted the respective motions for judgment on the pleadings filed by the Union, Johnson, and Schmidt and dismissed each of Brandal's claims against them. The Court dismissed Brandal's ADEA claim against these Defendants because Brandal had failed to exhaust administrative remedies before the Equal Employment Opportunity Commission, and because there was no "clear identity of interest" between those Defendants and the District, against which Brandal had filed an administrative claim. (Doc. 43 at 3–4.) The Court further found that Schmidt could not be subject to an ADEA claim because she was not Brandal's employer. (Doc. 43 at 4.) The Court dismissed Brandal's § 1983 Equal Protection claim in part because Brandal had failed to allege that he had suffered a

2

legally cognizable adverse employment action. (Doc. 43 at 6–7.) The Court dismissed Brandal's § 1983 Due Process claim because Brandal failed to sufficiently allege that he had been deprived of protected property or liberty interests. (Doc. 43 at 8–9.)

As with Brandal's ADEA claim, the Court dismissed his Title VII retaliation claim because Brandal failed to exhaust administrative remedies against the Union, Schmidt, and Johnson. (Doc. 43 at 9.) As with Brandal's Equal Protection claim, the Court dismissed Brandal's claim pursuant to O.R.C. § 4112 because his amended complaint failed to allege that he had been subjected to an adverse employment action. (Doc. 43 at 10.) The Court dismissed Brandal's hostile work environment claim because Brandal had failed to allege "facts of a sufficiently pervasive and discriminatory environment to support an action for a hostile work environment." (Doc. 43 at 11.) Similarly, the Court dismissed Brandal's civil conspiracy claim because Brandal failed to sufficiently allege the elements of the claim. (Doc. 43 at 12–13.) The Court further found that a generic public policy claim could not be maintained under Ohio law because adequate statutory remedies were available to Brandal, and that Brandal's defamation claim was barred by the applicable statute of limitations. (Doc. 43 at 12–13.) Finally, the Court found that Brandal's claim for "Malicious Purpose, Bad Faith or Wanton or Reckless Behavior" did not state a cognizable cause of action, and that dismissal of his ADEA claim against Johnson, the Union, and Schmidt also necessitated dismissal of his claim for a declaratory judgment. (Doc. 43 at 13–14.)

The remaining Defendants—Howard, Wilson, and the District—now move for judgment on the pleadings asserting many of the grounds for dismissal the Court found meritorious in the Opinion and Order described above.

## II. Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard courts apply for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc., v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A court will grant this motion if it finds that the moving party is entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III. Discussion

### A. Counts 2, 3, 5, 6, 7, 8, 9, & 10

Pursuant to the law-of-the-case doctrine, "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). The Court's rationale for dismissing Counts 2 (Equal Protection violation); 3 (Due Process violation); 5 (Violation of O.R.C. § 4112); 6 (Hostile Work Environment); 7 (Ohio Public Policy); 8 (Civil Conspiracy); 9 (Defamation); and 10 (Malicious Purpose, Bad Faith or Wanton or Reckless Behavior) of the amended complaint as to Defendants Schmidt, the Union, and Johnson are equally applicable to the District, Howard,

4

and Wilson. Accordingly, these counts are dismissed as to the remaining Defendants for failure to state a claim upon which relief can be granted.

### B. Counts 1 & 11

As with the Counts discussed above, Counts 1 (ADEA) and 11 (Declaratory Judgment) also must be dismissed as to the District, Howard, and Wilson based on the Court's prior Opinion and Order. In order to establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that "(1) he belonged to a protected age class; (2) he suffered an adverse employment action; (3) he was qualified for his position; and (4) he was replaced by a younger individual." *Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *3 (6th Cir. Feb. 3, 2009). In the context of its evaluation of Brandal's Equal Protection Claim, the Court stated:

> This Court finds that Brandal fails to sufficiently allege a prima facie case for a § 1983 violation against the Union, Johnson, and Schmidt, because he fails to allege an adverse employment action. An adverse employment action is a "materially adverse change in the terms or conditions of employment." *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999) (internal quotations omitted). The Sixth Circuit has held that "'reassignments without salary or work hour changes do not *ordinarily* constitute adverse employment decisions in employment discrimination claims.'" *Keeton v. Flying J, Inc.*, 429 F.3d 259, 264 (6th Cir. 2005) (quoting *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)) (emphasis in original). An employment reassignment can amount to an adverse employment action if it is "objectively intolerable to a reasonable person." *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) (citing *Kocsis*, 97 F.3d at 886 ). Brandal's reassignment to Brookhaven High School is not an adverse employment action as Brandal has failed to allege that it was objectively intolerable.
>
> Brandal also alleges that his placement in a Peer Assistance Review Program rises to the level of an adverse employment action. Placement in a peer review program does not constitute an adverse employment action. *Agnew v. BASF Corp.*, 286 F.3d 307, 319 (6th Cir. 2002) ("criticism in performance reviews and institution of performance improvement plans, alone do not constitute objectively intolerable conditions"). Brandal alleges that the review amounts to an adverse employment action due to potential future loss of benefits. However, mere "[s]uggestions that an employee's pay could be reduced in the future are not

5

adverse actions." *Powell v. Anthem Prescription Mgmt., Inc.*, No. 1:04-CV-00468, 2005 WL 1652706, at *5 (S.D. Ohio June 16, 2005) (citing *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 183 (6th Cir. 2004)).

(Doc. 43 at 6–7.) The conclusion that Brandal failed to allege an adverse employment action is also applicable to Brandal's ADEA claim. Thus, Count 1 fails to state a claim for which relief can be granted.

Additionally, as the Court noted in the previous Opinion and Order, claims under the ADEA can only be maintained against employers. *See Wakefield v. Children's Hosp.*, No. C2-06-1034, 2008 WL 3833798, at *1 (S.D. Ohio Aug. 13, 2008). *See also Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). As Brandal does not allege that Howard and Wilson were his employer, dismissal of Count 1 is also appropriate on that ground as to those Defendants.

Brandal's claim for declaratory judgment (Count 11) seeks a declaration that Defendants have violated the ADEA. (*See* Am. Compl. ¶ 94.) However, in order to be entitled to a declaratory judgment, a litigant must have an independent cause of action, and jurisdiction under another federal statute. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). Accordingly, because Brandal's underlying cause of action under the ADEA fails to state a claim, Count 11 must also be dismissed.

### C. Count 4

Count 4 of the amended complaint alleges unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964. However, as with Brandal's ADEA claim, a cause of action under Title VII can only be maintained against an employer. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("an individual employee/supervisor, who does not otherwise qualify as

6

an 'employer,' may not be held personally liable under Title VII"). Brandal's Title VII claim thus cannot be maintained against Howard and Wilson.

Brandal's claim for retaliation states that after Brandal "filed a complaint with the Ohio Civil Rights Commission alleging age discrimination," the District retaliated against him "by reassigning him before a hearing was held and before he had the opportunity to be heard." (Am. Compl. ¶¶ 66–67.) The amended complaint further alleges that Brandal received notice of his transfer to Brookhaven High School on May 26, 2008. (Am. Compl. ¶ 31.) However, a review of the charge of discrimination reveals that it was filed on July 31, 2008, approximately two months after Brandal claims he was provided notice of the transfer. (Doc. 58-1 at 2.) Logically, Brandal's transfer could not have been in retaliation for his complaint with the Ohio Civil Rights Commission if the transfer was made before Brandal had filed his complaint. Accordingly, Count 4 fails to state a plausible claim for relief and is dismissed as to the District.

## IV. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** Defendants Columbus City School District, DeWayne Howard, and Deborah Wilson's Motion for Judgment on the Pleadings (Doc. 50). The Clerk is directed to close this matter.

**IT IS SO ORDERED**

_8-17-2011_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7